UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREEN SKYLINE SOLAR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 16-cv-7659 |
| | ) | |
| SUNPIN SOLAR DEVELOPMENT, | ) | Judge John W. Darrah |
| LLC, and TIAN LI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Green Skyline Solar, LLC filed a First Amended Complaint ("FAC") against

Defendants Sunpin Solar Development, LLC and Tian Li, alleging one count of breach of

contract, one count of account stated, and one count of unjust enrichment. Defendant Li filed a

Motion to Dismiss [20] as to all claims against him as an individual. For the reasons stated

below, the Motion [20] is granted.

## BACKGROUND

Plaintiff is a Pennsylvania limited-liability company located in Doylestown,

Pennsylvania. (FAC ¶ 1.) Defendant Sunpin is an Illinois limited-liability company located in

Chicago, Illinois. (*Id.* ¶ 2.) Defendant Li is an adult who resides in "China and/or California

and/or Illinois." (*Id.* ¶ 3.) Plaintiff states, upon information and belief, that Li is the owner and

CEO of Sunpin. (*Id.*) Li regularly travels to Los Angeles, California, and Chicago, Illinois, on

behalf of Sunpin. (*Id.* ¶ 4.) Plaintiff alleges that Li is the alter ego of Sunpin. (*Id.* ¶ 5.)

Plaintiff is a solar project developer and solar project consultant. (*Id.* ¶ 9.) Plaintiff

focuses on identifying solar investment opportunities and providing project development service.

(*Id.* ¶ 10.) Sunpin is a solar project developer that develops solar projects throughout the

United States.  (*Id.* ¶ 11.)  Green Skyline entered into a Referral Fee Agreement

(the "Agreement") with Sunpin, dated June 23, 2013.  (*Id.* ¶ 12.)  Under the Agreement, Plaintiff

agreed to identify a solar project for Sunpin and provide certain services related to that project in

exchange for a fee.  (*Id.* ¶¶ 13, 14.)

Plaintiff introduced Sunpin to Abakus Solar USA Inc., who was interested in selling a

solar project located in Church Hill, Maryland (the "Project").  (*Id.* ¶ 15.)  Defendants told

Plaintiff that they wanted to acquire the Project from Abakus.  (*Id.* ¶ 17.)  Plaintiff advocated for

Defendants' interests related to the development of the Project and carried out tasks that gathered

and analyzed pertinent project data for the Project.  (*Id.* ¶¶ 18-19.)  Defendants acquired the

Project from Abakus in the summer of 2014.  (*Id.* ¶ 20.)  Defendants subsequently sold the

Project to a third party.  (*Id.* ¶ 22.)  Plaintiff requested its referral fee from Defendants several

times, but Defendants refused to pay.  (*Id.* ¶ 24.)  On January 4, 2016, Plaintiff sent a statement

of account, dated December 29, 2015, to Li for the $367,500.00 referral fee.  (*Id.* ¶ 25.)  Li

received the statement of account on or about January 4, 2016.  (*Id.* ¶ 26.)

Plaintiff alleges that Sunpin has been inadequately capitalized in relation to the size and

scope of the solar projects it has developed and that Sunpin's bank accounts were often

maintained with insufficient funds.  (*Id.* ¶¶ 29-30.)  Plaintiff also alleges that Sunpin has failed to

follow corporate formalities, such as holding regular board meetings.  (*Id.* ¶ 32.)  Additionally,

Plaintiff alleges that Li has transferred funds from a foreign national entity to Sunpin in order to

keep Sunpin afloat.  (*Id.* ¶ 31.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

Defendant Li moves to dismiss all counts against him as an individual. Li argues that he cannot be held liable because he did not enter into any contract with Plaintiff and that he cannot be held personally liable for Sunpin's debts and obligations because Sunpin is a limited-liability company.

There is no allegation that Li personally signed the Agreement or entered into a verbal agreement with Plaintiff. However, Plaintiff argues that Li is in privity with Sunpin. Under Illinois law, actions arising from a contract can be brought "by a party to that contract . . . or by

someone in privity with such a party." *Kaplan v. Shure Bros.*, 266 F.3d 598, 602 (7th Cir. 2001) (citing *White Hen Pantry, Inc. v. Cha*, 574 N.E.2d 104, 109 (Ill. App. Ct. 1991)). However, the Seventh Circuit has limited its analysis: "That rather vanilla statement of contract law cannot be read to authorize a party to a contract to sue a non-party for breach of the contract simply because the non-party has a close relationship with the other party to the contract who has breached." *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 651 (7th Cir. 2015). Holding that entities are in privity may be appropriate where one has "exclusive and total control" over the other. *Direct Mktg. Concepts, Inc. v. Trudeau*, 266 F. Supp. 2d 794, 797 (N.D. Ill. 2003). However, Plaintiff has not sufficiently alleged that Li had exclusive and total control over Sunpin.

Li argues that the Illinois Limited Liability Act does not allow for personal liability for members or managers of a limited-liability company. Under Illinois law "[a] member or manager [of a limited-liability company] is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager." 805 Ill. Comp. Stat. 180/10-10(a). Further, "[t]he failure of a limited[-]liability company to observe the usual company formalities or requirements relating to the exercise of its company powers or management of its business is not a ground for imposing personal liability on the members or managers for liabilities of the company." 805 Ill. Comp. Stat. 180/10-10(d).

Plaintiff argues that they have sufficiently alleged facts to pierce the corporate veil and pursue personal liability against Li. There is no Illinois Supreme Court decision on whether piercing the corporate veil is applicable to limited-liability companies. Because there is no Illinois Supreme Court decision on point, a federal court sitting in diversity jurisdiction must

4

"use [its] own best judgment to estimate how the [Illinois] Supreme Court would rule as to its

law." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016) (quoting

*Valerio v. Home Ins. Co.*, 80 F.3d 226, 228 (7th Cir. 1996)).  The decisions of lower courts are

not binding.  However, a court must "give great weight to the holdings of the state's intermediate

appellate courts and ought to deviate from those holdings only when there are persuasive

indications that the highest court of the state would decide the case differently." *Id.* at 1087-88

(quoting *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002)).

     To the extent that intermediate courts in Illinois have addressed the question, their

decisions indicate that corporate veil piercing for an Illinois limited-liability company is

possible.  The Illinois First District Appellate Court held that "while the [Illinois Limited

Liability Company] Act provides specifically that the failure to observe the corporate formalities

is not a ground for imposing personal liability on the members of [a limited-liability company], it

does not bar the other bases for corporate veil piercing, such as alter ego, fraud or

undercapitalization." *Westmeyer v. Flynn*, 889 N.E.2d 671, 678 (Ill. App. Ct. 2008) (citing 805

Ill. Comp. Stat. 180/10-10(d) (West 2008)).  Other courts have not expressly adopted *Westmeyer*

but have referenced the *Westmeyer* decision and applied the test for corporate veil piercing to

limited-liability companies.  *See Happy R Sec., LLC v. Agri-Sources, LLC*, 2013 IL App (3d)

120509, ¶ 45, 988 N.E.2d 972, 982 (Ill. App. Ct. 2013) (affirming district court decision granting

a preliminary injunction and holding that plaintiff "raised a fair question that the corporate veil

could be pierced in this case" and citing *Westmeyer*); *Dass v. Yale*, 2013 IL App (1st) 122520,

3 N.E.3d 858, 868 n.7 (Ill. App. Ct. 2013) (recognizing that *Westmeyer* court "found that section

10-10 did not bar actions involving piercing the corporate veil"); *Cohen v. Basil*, 2013 IL App

(2d) 120785-U, ¶ 71 (terming the holding in *Westmeyer* as dicta, but applying the corporate veil piercing analysis to a limited-liability company, regardless). While those decisions are not binding, they are persuasive; and Plaintiff has not provided contrary authority or persuasive indications that the Illinois Supreme Court would decide the case differently.

Further, federal courts have recognized that corporate veil piercing is applicable to limited-liability companies. *See Flentye v. Kathrein*, 485 F. Supp. 2d 903, 912 (N.D. Ill. 2007) (holding plaintiffs can rely on piercing-the-corporate-veil or alter-ego theory of liability for a limited-liability company); *Kellers Sys., Inc. v. Transport Int'l Pool, Inc.*, 172 F.Supp.2d 992, 1001 (N.D. Ill. 2001) (holding if complaint "fairly alleges an entity exists as the alter ego of another and provides factual manifestations suggesting the existence that the two operate as a single entity, a motion to dismiss will be denied."); *Hann v. The Paul Revere Ins. Co.*, No. 03 C 1062, 2004 WL 557380, at *2 (N.D. Ill. Feb.17, 2004) (stating that if a plaintiff alleges an alter-ego relationship, "dismissal of her complaint is unwarranted if she alleges any facts which suggest that the corporations operated as a single entity"); *In re Teknek, LLC*, 343 B.R. 850, 863 n. 6 (Bkrtcy. N.D. Ill. 2006) ("Limited[-]liability companies may be subjected to veil-piercing actions in a way similar to the way corporations are deemed alter egos of their shareholders.").

Illinois law permits veil piercing when two prongs are met: (1) "there must be such unity of interest and ownership that the separate personalities of the corporation and the individual" no longer exist; and (2) "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751-52 (7th Cir. 2012) (internal citations and quotations omitted).

For the unity of interest and ownership prong of the test, a court looks at several factors,
including: "(1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe
corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation;
(6) nonfunctioning of the other officers or directors; (7) absence of corporate records;
(8) commingling of funds; (9) diversion of assets from the corporation by or to a stockholder or
other person or entity to the detriment of creditors; (10) failure to maintain arm's-length
relationships among related entities; and (11) whether, in fact, the corporation is a mere facade
for the operation of the dominant stockholders." *Gass v. Anna Hosp. Corp.*, 911 N.E.2d 1084,
1091 (Ill. App. Ct. 2009). Failure to issue stock and nonpayment of dividends are not applicable
to a limited-liability company. Plaintiff has alleged inadequate capitalization in the past, failure
to observe corporate formalities, and, perhaps, failure to maintain an arm's-length relationship
among related entities.[1] Illinois law precludes failure to observe corporate formalities as a basis
of liability for limited-liability companies. Allegations that Sunpin has been inadequately
capitalized in the past and that there may be overlap between the employees of various limited-
liability companies are insufficient to show a unity of interest and ownership between Sunpin
and Li.

Even if Plaintiff had been successful at pleading a unity of interest and ownership, the
FAC does not plead any facts showing why adherence to the fiction of separate corporate
existence would sanction a fraud or promote injustice. Plaintiff does not allege that Sunpin
would be unable to pay a judgment if Plaintiff is successful. Further, Plaintiff does not state any
facts showing that treating Li and Sunpin as separate entities would be fraudulent or promote

---

[1] Plaintiff alleges that Sunpin entities "each utilized similar if not the same employees."
(FAC ¶ 33.) Plaintiff does not allege a relationship between Li and the other Sunpin entities.

injustice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth").

Nor has Plaintiff sufficiently pled liability under an alter-ego theory. For an alter-ego theory under Illinois law: "Generally, before the separate corporate identity of one corporation will be disregarded and treated as the alter ego of another, it must be shown that it is so controlled and its affairs so conducted that it is a mere instrumentality of another, and it must further appear that observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice." *Northbound Grp., Inc.*, 795 F.3d at 652 (citing *Main Bank of Chicago v. Baker*, 427 N.E.2d 94, 101 (Ill. 1981)). Plaintiff has not pled that Li exercised so much control and conducted Sunpin's affairs to the extent that Sunpin is a mere instrumentality of Li.

Plaintiff has not sufficiently pled that Sunpin and Li were in privity or that Sunpin's corporate veil should be pierced.

## CONCLUSION

Defendant Li's Motion to Dismiss [20] is granted without prejudice. Plaintiff may file an amended complaint within thirty days of the entry of this Order, if it may do so in compliance with Rule 11.

Date: _____February 16, 2017_____     /s/ _____

JOHN W. DARRAH
United States District Court Judge